Millandon *v.* Brugiere.

---

## MILLANDON *vs.* BRUGIERE and others.

Where the assignor of a bond and mortgage was made a defendant, in a foreclosure suit, for the purpose of charging him with the deficiency upon the sale of the mortgaged premises, and he put in an answer setting up a defence, and the complainant subsequently agreed to abandon his claim for the deficiency, and the usual decree was thereupon entered, but without any provision for the costs of such defence; *Held* that such assignor was not entitled to be paid his costs out of the surplus proceeds of the mortgaged premises upon the sale.

Where a defendant is improperly made a party in a foreclosure suit, the costs of his defence should be paid by the complainant, and should not be charged upon the surplus proceeds of the sale of the mortgaged premises, which belong to other parties.

THIS was an appeal from an order of the vice chancellor of the first circuit, directing the costs of the defendant Selden to be paid out of the surplus moneys arising upon the sale of mortgaged premises. The bill was filed to obtain satisfaction of a mortgage given by the defendant Brugiere, to the respondent D. Selden, and sold and assigned by the latter to the complainant. The assignment contained a covenant on the part of Selden, that the mortgage, with reasonable care and diligence, would produce to the complainant, the principal and interest due and to grow due thereon. The complainant made the assignor a party defendant for the purpose of obtaining a decree against him for the deficiency, if any there should be, upon a foreclosure and sale of the mortgaged premises. The defendant Selden put in an answer to the bill. The complainant's solici-

tor afterwards agreed to take the usual decree of foreclosure, and for a sale of the mortgaged premises, and to abandon his claim to a decree over against Selden for the deficiency, and such decree was entered accordingly. Upon the sale, the mortgaged premises produced a surplus of about $500, beyond the amount of the complainant's debt. The defendant Selden thereupon presented a petition to the vice chancellor, before whom the decree was obtained, to have the costs of his defence paid out of the surplus proceeds of the mortgaged premises; and notice of the application was given to Waddell, the assignee in bankruptcy of the mortgagor, and to E. Tessiere, who also claimed an interest in the equity of redemption in the mortgaged premises. The vice chancellor, upon the hearing of the parties, having directed the payment of such costs out of the surplus proceeds of the sale, Waddell, the assignee in bankruptcy of the mortgagor, who claimed the equity of redemption of the mortgaged premises, as such assignee, appealed to the chancellor from such decision.

*B. W. Bonney*, for the appellant.

*G. B. Kissam*, for the respondent.

The Chancellor. The objection that the appellant has no interest in the fund in controversy, and has therefore no right to appeal, is not well taken. He has been made a defendant in the foreclosure suit, as having an interest in the equity of redemption of the mortgaged premises. And as assignee in bankruptcy of the mortgagor he is prima facie entitled to the surplus proceeds of the sale. The affidavit as to the supposed right of E. Tessiere, to the equity of redemption, the appellant has had no opportunity to answer; and the deponent himself only testifies as to his information and belief. The question of right between the different claimants of the fund, as owners of the equity of redemption in the mortgaged premises, therefore, cannot be settled upon this appeal. And the prima facie evidence of right in the appellant, as the assignee in bankruptcy of the mortgagor,

Millandon v. Brugiere.

is sufficient to entitle him to appeal from the order of the vice chancellor, if the same is erroneous.

Upon the merits of the case, I am unable to discover any grounds on which the order to pay the costs of Selden, out of the fund belonging to the owner of the equity of redemption, can be sustained. If the respondent was improperly made a defendant in the foreclosure suit, when he had a good defence against the claim made to a decree over against him for the anticipated deficiency, the complainant himself should have been charged with the costs to which Selden had been improperly subjected. And the latter, instead of entering into an agreement with the complainant to permit him to abandon an unfounded claim without costs, should have insisted upon having his costs paid by the complainant. On the other hand, if he was properly made a defendant, and had no valid defence to the complainant's contingent claim to a decree over against him for the anticipated deficiency, there is no good reason for charging the costs of an improper defence upon the fund belonging to the mortgagor, or to his assignee.

Again; if the respondent had any claim to have the costs of his defence paid out of the proceeds of the mortgaged premises, the proper time for him to ask for such costs was at the time of the hearing of the cause and the entering of the final decree therein. And having consented to the usual decree without asking for costs at that time, and having no claim upon the surplus proceeds of the sale, as an incumbrancer upon or owner of the equity of redemption, the order for the payment of his costs out of a fund belonging to others was erroneous.

The order appealed from must therefore be reversed; and the petition must be dismissed, with costs as to the defendant Waddell.